## STATE *v.* W. C. MILLER AND OTHERS.

*Recognizance.* R. L. s. 1753.

When one is convicted of a crime by a justice and appeals, and in default of security for his appeal is committed to jail, and is then bailed, but his recognizance is conditioned only for his appearance at court, and not that he would prosecute his appeal to effect, no action can be sustained on the recognizance, if the case has never been entered in the County Court.

DEBT on a recognizance. Plea, general issue. Trial by court, September Term, 1885, NICHOLSON, Assist. J., presiding. Judgment *pro forma* for the plaintiff.

The declaration alleged that the defendants were "bounden to the treasurer of the State of Vermont, in the sum of $200, conditioned that the said W. C. Miller should personally appear before the said County Court and there prosecute his appeal to effect and abide the order of the court thereon." But the condition of the recognizance actually taken, and presented in court against the objection of the defendants, was: "If the said W. C. Miller, now confined in the common jail in Rutland, charged with the crime of selling intoxicating liquors without authority, shall make his personal appearance before the County Court, to be held at Rutland, * * * * to answer the charge aforesaid, and shall attend before said court, from day to day, and from term to term, and not depart without leave of said court, then the foregoing recognizance to be void and of no effect, otherwise to be and remain in full force and virtue. Said Miller having appealed from a conviction upon said charge to said term of court, and this is his bail upon said appeal."

J. C. Baker for the respondent.

This declaration sets up a recognizance entered into ac-

cording to the provisions of sec. 1674, of the Revised Laws. This recognizance is taken under sec. 1753 of the Revised Laws, and is not a proper recognizance for an appeal. The condition of this recognizance is of the very essence of the suit. It is the cause of action; the contract sued upon, and must be proved as laid, whatever be the form of action. 1 Greenl. Ev. s. 66; *Wright* v. *Geer*, 6 Vt. 151; *Vail* v. *Strong*, 10 Vt. 457; *Mann* v. *Birchard*, 40 Vt. 339.

*P. R. Kendall*, State's attorney, for the State.

Sec. 1753 of the Revised Laws does not require the judge, at the time of taking the recognizance, to write it out at length, any more than a justice upon his files.

And the condition of the recognizance above this minute, which is, in substance, "for the personal appearance of such person before such court to answer to the charge," as provided in sec. 1753, and the recognizance for appeal, are substantially the same.

The appeal was duly taken within two hours, and the respondent committed for not finding bail for his appeal. Secs. 1673-4 give the justice no authority over the cause after two hours, but sec. 1753 gives a judge of the County Court authority to "take a recognizance, with sufficient surety, of a person committed to jail, for trial before the County Court."

This power is broad, and would seem broad enough to cover the present case.

The opinion of the court was delivered by

ROWELL, J. Defendant Miller was convicted of a crime before a justice and appealed, and in default of security for his appeal was committed to jail, and bailed by a judge of the County Court. The recognizance was conditioned for his personal appearance before said court to answer the charge, but was not conditioned that he would there prosecute his appeal to effect. Neither the prosecuting officer nor

the respondent entered the case in the County Court, and the justice never issued his warrant to carry his judgment into effect.

It is claimed that the judge had no authority to take the recognizance, as the respondent was not "committed to jail for trial before the County Court" within the meaning of sec. 1753, R. L. But we do not decide that question. The recognizance did not bind the respondent to prosecute his appeal to effect, and so he was under no obligation to enter it. It only bound him to appear and answer the charge; and if the prosecuting officer desired to fix a liability on the recognizance for non-appearance, he should himself have seen to it that the case was entered, that there might be a charge for the respondent to answer to; for without this there could be no breach, as none can be predicated upon non-appearance to answer to a charge that was never made.

Judgment reversed, and judgment for the defendants.